UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JOHN J. FRAZER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-04279-SLD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

ORDER

Before the Court are Petitioner Frazer's application to vacate his sentence under 28 U.S.C. § 2255, ECF No. 1, and his motion to request counsel, ECF No. 6. For the reasons that follow, his application and his motion to request counsel are DENIED.

## BACKGROUND[1]

Starting at some point in 2011, Frazer began accessing child pornography on his laptop using peer-to-peer file-sharing software. In August 2012, he took pornographic photos of a minor and posted them on a Russian website. The Danish national police discovered the pictures and notified the United States Department of Homeland Security, which identified Frazer. Homeland Security's investigations unit obtained and served a search warrant for Frazer's house. They found child pornography on Frazer's laptop, including the photos he had taken and posted to the Russian website.

Frazer was charged with the conduct by criminal complaint on August 28, 2012. CR ECF No. 1. An indictment followed on September 19, 2012, CR ECF No. 11, charging Frazer

---

[1] Citations to the docket of the federal proceedings that resulted in Frazer's sentence, *United States v. Frazer*, 4:12-cr-40073-SLD-JAG-1 (C.D. Ill. 2013), will appear in the format "CR __." The facts listed here are drawn from Respondent's response, ECF No. 4, and from the presentence investigation report prepared in advance of Frazer's sentencing, CR ECF No. 21, except where otherwise noted.

1

with (I–V) five counts of sexual exploitation of a minor in violation of 18 U.S.C. §§ 2251(a) and (e); (VI) possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(4)(B) and (b)(2); and a forfeiture allegation. Indictment 1–5. On February 6, 2013, Frazer pleaded guilty to Counts V and VI (the government dismissed I–IV). Plea Agreement, CR ECF No. 17; Feb. 6 2013 CR Minute Entry. On June 20, 2013, the Court sentenced Frazer to 300 months on Count V and 120 months on Count VI to run concurrently, with a lifetime of supervised release to follow. Jun. 20, 2013 CR Minute Entry. Written judgment entered on June 25, 2013. Judgment, CR ECF No. 25. Frazer did not appeal. On May 15, 2014, the government filed a sealed motion. CR ECF No. 33. After a telephone hearing, Dec. 18, 2014 CR Minute Entry, the Court reduced Frazer's sentence to 255 months. Amended judgment entered on December 23, 2014. CR ECF No. 38.

Frazer filed the instant § 2255 motion on December 30, 2016. After being ordered to respond, the government filed a Response on March 2, 2017. ECF No. 4.

## DISCUSSION

**I.      Legal Standard on a Motion to Vacate Sentence Under 28 U.S.C. § 2255**

28 U.S.C. § 2255, "the federal prisoner's substitute for habeas corpus," *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012), permits a prisoner incarcerated pursuant to an Act of Congress to seek that his sentence be vacated, set aside, or corrected if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). *See Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) ("As a rule, the remedy afforded by section 2255 functions as an effective substitute for the writ of habeas corpus that it largely

replaced."). When presented with a § 2255 motion, a district court must hold an evidentiary hearing on the applicant's claim, and make findings of fact and conclusions of law. 28 U.S.C. § 2255(b). However, "[i]t is well-established that a district court need not grant an evidentiary hearing in all § 2255 cases." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). The court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal prisoner seeking to vacate his sentence has one year to do so, from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)–(4). Because § 2255's one-year window is procedural rather than jurisdictional, courts may equitably toll the statute to permit untimely filings under extraordinary circumstances. *Nolan v. United States*, 358 F.3d 480, 483–84 (7th Cir. 2004). For equitable tolling to apply, "[e]xtraordinary circumstances far beyond the litigant's control must have prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

**II.     Analysis**

Although Frazer has no absolute right to counsel in his civil case, he asks the Court to exercise its discretion to appoint counsel for him. See *Merritt v. Faulkner*, 697 F.2d 761, 763

3

(7th Cir. 1983). After considering the factors set forth in *Merrit*, the Court concludes that appointment of counsel is not warranted. Frazer states only that he is unable to afford counsel, which is insufficient reason to appoint it, standing alone. Mot. Request Counsel 1. There are no evidentiary issues identified that hinder Frazer's ability to make his claim, *Meritt*, 697 F.2d at 764; the nature of the evidence does nothing to suggest that the truth is more likely to be exposed if Frazer is appointed counsel, *id.*, and he clearly and adequately—if, as explained below, unsuccessfully—makes out a claim in his petition, *id.* In addition, Frazer made no demonstrated attempt to recruit counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). For these reasons, his request for counsel is denied, and the Court proceeds to consider the merits of his claim.

Frazer argues that the two-level distribution enhancements he received under the United States Sentencing Guidelines ("USSG") as to his exploitation and possession charge groups were applied under an old version of the Guidelines, and were not supported by evidence that now would warrant the application of the new guideline versions. Pet. 1. The government responds that the change in the Guidelines would have no effect on Frazer's sentence, Resp. 9–13; that his motion is filed more than two years out of time, *id.* at 14–16; that he entered into a binding waiver of his right to attack the validity of his plea agreement, *id.* at 16–19; and that no evidentiary hearing is required to make the determination that Frazer's claim must be dismissed, *id.* at 19–20.

Without addressing the timeliness of Frazer's motion, or the validity of his plea waiver, it is plain that his claim fails on its merits and must be denied.

Frazer was assessed a two-level enhancement in his guideline calculation as to both the exploitation charge (18 U.S.C. § 2251(a)) and the possession of child pornography charge (18

U.S.C. §§ 2252A(a)(4)(B)) because he had distributed the pornographic images of his abuse to a Russian website. *See* Presentence Investigation Report ("PSR") ¶¶ 30, 38, CR ECF No. 21. The two-level enhancement to the exploitation charge derived from the then-current 2012 USSG §2G2.1(b)(3), which read: "If the offense involved distribution, increase by two levels." Similarly, the two-level enhancement to the possession charge, which derived from the 2012 USSG §2G2.2(3)(F), directs the court that if the offense involved "[d]istribution other than distribution described in subdivisions (A) through (E), [the court should] increase by 2 levels." At the time of sentencing, Frazer did not contest the application of either increase.

Frazer argues that because the distribution increases provided by the Guidelines for exploitation and distribution have been modified to require that a defendant to "knowingly" engage in distribution, his sentence must be reduced. Pet. 1; *see* 2016 USSG §2G2.1(b)(2) ("If the defendant knowingly engaged in distribution, increase by 2 levels."); 2016 USSG §2G2.2(3) ("(Apply the greatest): . . . (F) If the defendant knowingly engaged in distribution, other than distribution described in subdivisions (A) through (E), increase by 2 levels."). But, as the government points out, even if Frazer had been sentenced under the current version of the guidelines, with its requirement of knowing distribution, Frazer's conduct would clearly qualify as "knowing." Frazer agreed in the plea agreement and stipulation of facts into which he entered before sentencing that he took pornographic photographs of the minor victim in this case and "used his Toshiba laptop computer to download the photograph [from his phone] and upload at least the unaltered version of the photograph, using the internet via his IP address, onto a Russian image hosting website." Stip. ¶ 34(d), CR ECF No. 17. As stated in the PSR, and uncontested by Frazer, he posted images of the victim in two separate password-protected albums, which he labeled. PSR ¶ 11. The conduct in question—recording images of child pornography,

5

transferring them to a laptop, going to a Russian child pornography website on the laptop, compiling and uploading multiple pornographic images, and describing those images on the website—was knowing. Frazer cannot seriously maintain that this happened accidentally or without knowledge, nor does he attempt to.[2]

The conclusion is strengthened by the fact that the application notes for both the 2016 Guidelines upon which Frazer relies, and the 2012 Guidelines, under which he was sentenced, contain the following definition of "distribution":

> "Distribution" means any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant.

Application Notes, 2016 and 2012 USGG §2G2.1. In other words, the kind of behavior in which Frazer participated is the paradigmatic conduct the Guidelines target as "knowing." As the Sentencing Commission explained, the amendment of the exploitation and distribution guidelines to require knowing distribution arose from a circuit split about what constituted culpable intent in users of peer-to-peer file-sharing software. USSG 2016 Amendments 11. Such software often automatically transfers files to other parties across a distributed network at the same time that a user is downloading files himself, and so the Sentencing Commission

---

[2] It is also likely that the alteration of the guidelines in question was not intended by the United States Sentencing Commission to be retroactive. *See* 2016 USSG §1B1.10(a) ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment[.]"). If the amendment that alters the defendant's guideline range is not listed in subsection (d), conversely, reduction of the term of imprisonment is deemed "not consistent with this policy statement and therefore not authorized[.]" 2016 USSG §1B1.10(a)(2). The amendments to USSG §§2G2.1(b)(2) and 2G2.3, although enacted in the 2016 edition of the guidelines, are not listed in 2016 USSG §1B1.10(d). Therefore, it appears that the Sentencing Commission did not intend them to have a retroactive effect on prisoners already sentenced, and reduction of an already-imposed sentence would not be authorized by 18 U.S.C. § 3582(c)(2). However, the Court does not rely on this analysis, because, as explained herein, Frazer's claim would be without merit even if the amendments to the Guidelines he relies upon had been intended to be retroactive.

6

determined that for the enhancement to apply in such cases, there must be a showing that "the defendant knew of the file-sharing properties of the program" he used. *Id.* Frazer's case involved clear, deliberate action with at least a web browser, rather than peer-to-peer file-sharing software, and clearly fell within the ambit of the two-level Guideline enhancements he sustained.

Since the arguments about the two-level enhancements are the only ground Frazer cites for relief, his petition for § 2255 relief is denied in whole. Because the motion and filings conclusively show that Frazer is entitled to no relief, the Court will not conduct an evidentiary hearing. *See* 28 U.S.C. § 2255(b).

A petitioner may only appeal a district court's final order on a § 2255 proceeding if a certificate of appealability issues. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003). When a district court enters a final order adverse to the applicant, it must issue or deny a certificate of appealability. 2255 R. 11(a). A certificate of appealability will issue only for those matters upon which "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001). The Court finds that reasonable jurists could not disagree that Frazer is entitled to no relief on the basis of the change in the Guideline wording he raises. No certificate shall issue.

**CONCLUSION**

Accordingly, Petitioner's application to vacate his sentence under 28 U.S.C. § 2255, ECF No. 1, is DENIED, and his motion to request counsel, ECF No. 6, is also DENIED. A certificate of appealability is DENIED. The Clerk is directed to enter judgment and close the case.

Entered this 14th day of June, 2017.

s/ Sara Darrow  
SARA DARROW  
UNITED STATES DISTRICT JUDGE